FONFEREK, Appellant, vs. WISCONSIN RAPIDS GAS & ELEC-
TRIC COMPANY, Respondent.
WEST BEND MUTUAL FIRE INSURANCE COMPANY, Appel-
lant, vs. SAME, Respondent.

*November 10—December 7, 1954.*

For the appellant Edward C. Fonferek there was a brief by *Lehner & Lehner* of Princeton, and oral argument by *Philip Lehner*.

For the appellant West Bend Mutual Fire Insurance Company there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Thomas O'Meara*.

For the respondent there was a brief by *Brazeau & Brazeau* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau*.

MARTIN, J. Fonferek's action is based upon alleged breach of warranty. The jury found that the goods sold by defendant were reasonably fit for the particular purpose for which they were required by the plaintiff. This finding is supported by the testimony of plaintiff's witness, C. F. John, state inspector for the industrial commission, who stated that the Bryant heater was an approved appliance and adequate for the purpose for which it was designed. He testified that the upstairs panelray unit complained of was damaged when he inspected it on January 19, 1953, but the record is devoid of any evidence as to when or by whom it was damaged. Fonferek admitted that if the heating system had operated properly, it would have been suitable.

The complaint of the Insurance Company alleges acts of negligence on the part of defendant with respect to the installation of the gas appliances. The jury found that under the agreement between the parties the defendant was not required to install the equipment. It could hardly have found otherwise. The written contract in evidence clearly states "customer will install heating equipment," and there was sufficient evidence presented to the effect that plaintiff's agents did in fact install the equipment, that defendant's employees simply made the necessary connections between the appliances and the gas lines.

In our opinion the findings of the jury are amply supported by the evidence.

The plaintiff Insurance Company contends that the special verdict should have contained the question whether the defendant was negligent in the manner in which it adjusted or regulated the heaters. Such a question would have required speculation on the part of the jury since the testimony of Mr. John and of George Fiedler, an expert witness of the defendant, was to the effect that the condition which caused the damage by smoke or soot could be due either to improper regulation or to improper venting. One such cause being actionable and the other nonactionable, the jury could not be allowed to guess which was responsible for the damages. In any event, the complaint of the Insurance Company alleged acts of negligence in installation, not regulation, and no attempt was made to amend its complaint.

It is also urged that the court should have submitted a question whether the heater in the upstairs apartment was damaged or in a defective condition. As noted above, there is nothing in the record to show that this unit was in a defective condition when delivered by the defendant. There is no testimony as to when or by whom it was uncrated or what its condition was upon delivery.

Plaintiffs cite a number of cases to the effect that a gas company is held to a high degree of care in supplying gas to its customers in that, upon notice that gas is escaping from fixtures into the building, it becomes the company's duty to shut off the gas supply until further leakage can be prevented. These cases have no applicability here. There is no evidence of escaping gas except the statement of Mr. John that there was gas leakage from the upstairs heater on January 19, 1953. This was some time after Fonferek had refused to permit defendant's employees access to the heating system. The complaints made by plaintiff to defendant from the time the

system was turned on in September, 1952, were of the heaters smoking and sooting. There appears to have been no attempt by plaintiffs on the trial to show that there was any gas leakage. On the other hand, both Schmick and McKay testified that they checked the system for such leakage and found none.

Briefs and oral argument of the parties present the question whether Fonferek failed to comply with the statutory requirements in bringing his action for breach of warranty, but it is unnecessary to pass upon the question. We have determined that the jury's finding of no breach of warranty must stand.

There remains the question respecting taxation of costs. The record shows that the verdict was filed October 20, 1953; the decision on motions after verdict made by the trial court on December 10, 1953, was filed the following day; the order for judgment and the judgment in favor of defendant and for costs were signed by the court on December 10th but were not filed until March 22, 1954. On February 26, 1954, the clerk of court, at the instance of counsel for the plaintiff Insurance Company, entered judgment without costs pursuant to sec. 270.66, Stats. Defendant thereafter brought a motion to show cause why the judgment of February 26th should not be set aside and upon hearing the trial court set aside such judgment and ordered the entry of the judgment dated December 10, 1953.

Defendant argues that the clerk may not enter judgment while a judicial function, such as decision on motions after verdict, remains to be performed. There is no question that the decision upon motions after verdict was filed on December 11, 1953. We do not consider the fact that exceptions were taken to certain items on defendant's original bill of costs justified the failure to timely file the judgment of December 10, 1953. The trial court erred in making the order of March 8, 1954, and the judgment of February 26, 1954, must be reinstated.

*By the Court.*—The order appealed from is reversed; the judgment entered March 22, 1954, is set aside and the judgment entered February 26, 1954, is reinstated and affirmed. The parties will pay their own costs on appeal; appellants to pay clerk's fees.